**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KEVIN MICHEAL THORTON[1],

    Petitioner,  :  Case No. 1:10-cv-497

    -vs-  :  District Judge Michael R. Barrett
        Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

    Respondent.  :

---

**REPORT AND RECOMMENDATIONS**

---

Petitioner Kevin Thornton brings this habeas corpus action *pro se* to obtain relief from his conviction in the Clermont County Court of Common Pleas on charges of aggravated robbery and kidnapping, both with firearm specifications.

Mr. Thornton pleads the following grounds for relief:

> **Ground One:** Trial court violated Petitioner's Fifth and Fourteenth right by denying his motion for mistrial when a state's witness informed jury that a prior proceeding resulted in a hung jury.
>
> **Ground Two:** Insufficiency of evidence as no evidence was presented showing that the Petitioner participated in the offense charged.
>
> **Ground Three:** Trial court erred in denying the Defendant's motion for new trial based upon highly exculpatory, newly discovered evidence showing another individual committed the crime, violative to the Petitioner's Fifth and Fourteenth Amendment to the U.S.

---

[1] This is the spelling used by Petitioner in the initial filing. All of the state court records refer to the Petitioner as "Thornton." The latter spelling is used in this Report.

-1-

>Constitution.
>
>**Ground Four:** Defective indictment as it was missing the essential *mens rea* element (*i.e. mens rea* not presented to the grand jury or to the trial court).
>
>**Ground Five:** Petitioner received ineffective assistance of trial counsel and appellate counsel. Trial counsel failed to challenge identification issue and appellate counsel failed to raise the same.
>
>**Ground Six:** Ineffective assistance of appellate counsel.

(Petition, Doc. No. 2.)

On permission granted by Magistrate Judge Bowman, Mr. Thornton amended Ground Six to add the following sub-claims:

>Petitioner's appellate counsel rendered his representation ineffective and prejudicial when he failed to raise on appeal that the evidence presented by the state was insufficient to establish Petitioner's identity beyond a reasonable doubt, as guaranteed by the Due Process Clause of the Ohio and United States constitutions.
>
>Petitioner's appellate counsel rendered his representation deficient and prejudicial when he failed to challenge on appeal the procedural defect to the *mens rea* element of Petitioner's indictment.

(Motion to Amend, Doc. No. 20.)

## Procedural History

The crimes in suit were described as follows by the Court of Appeals:

>[*P2] On September 11, 2007, at approximately 1:15 p.m., a man wearing sunglasses and a hat entered the Cash Express on Main Street in the city of Milford, Clermont County, Ohio. The man walked up to the counter and asked store employee Leslie Fahey what he needed to do to obtain a loan. When Fahey walked around the counter to give him a brochure, the man pointed a handgun at her stomach and demanded money. When Fahey asked if he was serious, the man racked the slide on his handgun, thereby chambering a round in the weapon, and repeated his demand. Fahey handed over the

> contents of her cash drawer. The man then ordered Fahey to lie down on the floor, bound her hands and feet with zip ties, and told her not to scream or he would come back. After hearing nothing but silence, Fahey freed her hands, cut the zip tie on her feet and sent out an alarm using her computer.

*State v. Thornton*, 2009 Ohio 3685, 2009 Ohio App. LEXIS (Ohio App. 12th Dist. Jul. 27, 2009).

Mr. Thornton was indicted for aggravated robbery and kidnapping on these facts and pled not guilty. His first trial ended in a hung jury; he was convicted on all counts at a second trial and sentenced to nine years imprisonment on the aggravated robbery charge plus three consecutive years on the firearm specification, together with eight years plus three on the kidnapping charge, to be served concurrently with the aggravated robbery. Before sentencing, he filed two motions for new trial which were both denied.

> Mr. Thornton appealed from the convictions, raising the following assignments of error:
>
> > 1. The trial court erred in overruling Defendant's motion for mistrial after state's witness informed the jury that his prior trial resulted in a hung jury.
> >
> > 2. The trial court erred to Defendant's prejudice by accepting and journalizing verdicts of guilty, in violation of the due process clauses of the Ohio and United States Constitutions.
> >
> > 3. The trial court erred in entering separate convictions and sentences for aggravated robbery, kidnapping and two firearm specifications.
> >
> > 4. The trial court erred in denying Defendant's motion for new trial.

(Appellant's Brief, Ex. 11 to Return of Writ, Doc. No. 15). The Court of Appeals affirmed the conviction but remanded for resentencing, holding that the aggravated robbery and kidnapping counts should be merged under Ohio Revised Code § 2941.25. *State v. Thornton, supra.*

Mr. Thornton then appealed *pro se* to the Ohio Supreme Court, setting forth the following propositions of law:

-3-

> I. "A criminal defendant, in order to exhaust state remedies, does not have to file for discretionary review in the Supreme Court of Ohio."
>
> II. "The trial court erred in overruling Appellant's motion for a mistrial after a State's witness informed the jury that his prior trial resulted in a hung jury, thereby denying Appellant due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution."
>
> III. "The trial court erred in accepting and journalizing verdicts of guilty, in violation of the due process clause of the Ohio and United States Constitutions, in that these verdicts are not supported by sufficient evidence."
>
> IV. "The trial court erred in denying Appellant's motion for a new trial, thereby denying him due process of law guaranteed by the 5th and Fourteenth Amendments to the United States Constitution and similar provisions of the Ohio Constitution."

(Memorandum in Support of Jurisdiction, Ex. 11 to Return of Writ, Doc. No. 15.) However, the Ohio Supreme Court denied leave to appeal and did not reach the merits of these claims.

On August 31, 2009, Petitioner filed a *pro se* application to reopen his direct appeal, setting forth the following assignments of error as those which should have been raised by his appellate counsel and whose omission he asserted was ineffective assistance of appellate counsel:

> 1. "Appellant counsel would not raise none of the issues that would show that the Appellant, Kevin Thornton, was innocent of this crime."
>
> 2. "The appellant counsel would not raise the key evidence that would show that the Appellant is innocent. If counsel would have, the circumstances would have been different."

(Application, Ex. 21 to Return of Writ, Doc. No. 15.) The Court of Appeals declined to reopen the appeal and the Ohio Supreme Court declined to hear an appeal from the denial. Mr. Thornton then filed his Petition in this Court.

**Ground One**

In his first ground for relief, Mr. Thornton claims he was denied a fair trial because the trial judge would not declare a mistrial after a witness mentioned that his first trial ended in a hung jury. The Warden defends this claim on the merits.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

The Twelfth District Court of Appeals decided this claim on the merits, holding:

> [*P9] "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR MISTRIAL AFTER A STATE'S WITNESS INFORMED THE JURY THAT HIS PRIOR TRIAL RESULTED IN A HUNG JURY."
>
> [*P10] Thornton argues the trial court erred by refusing to grant a mistrial when a prosecution witness disclosed that Thornton was being retried after his first trial had ended in a hung jury. We disagree.
>
> [*P11] A trial court should not grant a motion for a mistrial unless it appears that some error or irregularity has been injected into the proceeding that adversely affects the substantial rights of the accused, and as a result, a fair trial is no longer possible. *See State v. Reynolds* (1988), 49 Ohio App.3d 27, 33, 550 N.E.2d 490. The decision as to whether or not to grant a mistrial rests within the trial court's sound discretion, and the trial court's decision will not be reversed absent an abuse of discretion, i.e., the trial court's decision was arbitrary, unconscionable, or unreasonable. See, e.g., *State v. Kersey,* Warren App. No. CA2008-02-031, 2008 Ohio 6890, P8.
>
> [*P12] At trial, one of the state's witnesses, Eric Crawford, testified that he and Thornton had discussed some of the facts of Thornton's case. When the state asked him if he was aware that Thornton's case "was set for trial," Crawford replied, "I was aware that he just had a hung jury." Defense counsel objected to this testimony, and at a

sidebar conference, requested that a mistrial be declared. The trial court initially agreed to defense counsel's request for a mistrial. However, after giving both parties an opportunity to argue the issue, the trial court overruled defense counsel's request for a mistrial and, instead, issued a curative instruction to the jurors, instructing them not to consider, for any purpose, Crawford's testimony about a hung jury.

[*P13] Thornton asserts the curative instruction was insufficient and the trial court should have declared a mistrial. However, curative instructions have been held to be an effective means of remedying errors or irregularities that occur during trial, see *State v. Zuern* (1987), 32 Ohio St.3d 56, 61, 512 N.E.2d 585, and juries are presumed to follow any curative instructions issued by a trial court. *See State v. Henderson* (1988), 39 Ohio St.3d 24, 33, 528 N.E.2d 1237. There is nothing in the record that suggests that the jury in this case failed to follow the curative instruction given by the trial court.

[*P14] The trial court's decision as to whether to grant a mistrial or issue a curative instruction to the jury is accorded great deference, since the trial court is most familiar with the evidence and background of the case and has observed the jurors' reaction to the testimony or argument that caused the request for the mistrial. *See Kersey*, 2008 Ohio 6890, and *Arizona v. Washington*, (1978), 434 U.S. 497, 514, 98 S.Ct. 824, 54 L. Ed. 2d 717.

[*P15] This case is not analogous to cases where the offending remarks were made by one of the parties, cf. *State v. Colvin*, Franklin App. No. 04AP-421, 2005 Ohio 1448, P21, or where the prosecution disclosed that a prior jury was hung "11 to one," in the apparent hope that the jury would interpret the remark to mean that 11 jurors were for conviction. Cf. *Williams v. State* (Alaska 1981), 629 P.2d 54, 59. Instead, as the trial court found, Crawford's remarks about the hung jury "cut both ways," because while the jury learned that some of the jurors in the previous trial had voted to convict Thornton after hearing the state's evidence, they also leaned that other members of the jury had refused to do so. Moreover, the disclosure of this information was not deliberate, and the state made no attempt to have the jury infer anything from this testimony. Cf. *Colvin*, 2005 Ohio 1448 at P23-28. Under these circumstances, the trial court did not abuse its discretion in overruling Thornton's request for a mistrial.

[*P16] Consequently, Thornton's first assignment of error is overruled.

-6-

*State v. Thornton, supra*, ¶¶ 9-16.

The decision whether to grant a mistrial is reserved to the broad discretion of the trial judge. *Wade v. Hunter*, 336 U.S. 684 (1949), *citing Illinois v. Somerville*, 410 U.S. 458, 462 (1973); *Gori v. United States*, 367 U.S. 364 (1961). The Ohio law relied on by the Court of Appeals embodies this abuse of discretion standard. Petitioner has failed to demonstrate that the decision of the Court of Appeals is an objectively unreasonable application of *Wade v. Hunter, supra*, or any other relevant United States Supreme Court precedent. The first ground for relief should therefore be dismissed.

### Ground Two

In his second ground for relief, Mr. Thornton asserts he was convicted on insufficient evidence that he was the person who committed the robbery. This claim was part of Thornton's second assignment of error on direct appeal which the Court of Appeals decided as follows:

> [*P18] "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY ACCEPTING AND JOURNALIZING VERDICTS OF GUILTY, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
>
> [*P19] Thornton argues the state failed to prove he was the person who committed the aggravated robbery and kidnapping, and therefore, his convictions were not supported by sufficient evidence. However, while Thornton made a Crim.R. 29(A) motion for acquittal at the close of the state's case, he failed to renew his motion for acquittal at the close of all the evidence, and therefore waived any sufficiency-of-the-evidence claim he may have had. *State v. Lloyd*, Warren App. Nos. CA2007-04-052, CA2007-04-053, 2008 Ohio 3383, P38.
>
> [*P20] Thornton also argues that his conviction was against the

> manifest weight of the evidence because Thornton's mother and a neighbor both testified that Thornton was elsewhere at the time of the offense. However, the jury was entitled to believe Fahey's testimony and disbelieve that of Thornton's mother and the neighbor. *State v. Golden*, Stark App. No. 2008CA00182, 2009 Ohio 1624, P20. This is not a case where the jury clearly "lost its way" in resolving conflicts in the evidence and created such a manifest miscarriage of justice that Thornton's conviction must be reversed and a new trial granted. *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541, *citing State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717.
>
> [*P21] Therefore, Thornton's second assignment of error is overruled.

*State v. Thornton, supra,* ¶¶ 18-21.

The Warden asserts that Thornton's second ground for relief is barred by his procedural default in not renewing his insufficiency of the evidence claim after the close of all the evidence (Return, Doc. No. 15, PageID 84). Mr. Thornton responds that the failure to move again for judgment of acquittal at the close of all the evidence was ineffective assistance of trial counsel which will excuse the default.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);

*Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default.  *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010) *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d*,* at 138.

Under Maupin, the first question is whether the State has a procedural rule that is applicable. As authority for the waiver rule it relied on, the Court of Appeals cited its own prior unpublished decision in *State v. Lloyd,* 2008 Ohio 3383 (Ohio App. 12th Dist. 2008). *Lloyd* did enforce such a rule:

> It is well-established that a failure to renew a Crim.R. 29(A) motion for acquittal at the close of all the evidence constitutes a waiver of any error relative thereto. *See State v. Julian III* (May 15, 1989), Brown App. No. CA88 12 015, 1989 Ohio App. LEXIS 1757; *State v. Troglin*, Union App. No. 14-04-41, 2005 Ohio 6562.

*Lloyd* at ¶ 38. *Julian* is also an unreported case from the same appellate district which cites for the same proposition *State v. Whitmeyer*, 20 Ohio App. 3d 279 (Ohio App. 3rd Dist. 1984), and *State v. Deboe*, 62 Ohio App. 2d 192 (Ohio App. 6th Dist. 1977). *Troglin* is from the Third Appellate District. It thus appears, with no contrary evidence from the Petitioner, that Ohio does have a procedural rule applicable to this case. There is no question that the rule was enforced against Petitioner. There is no evidence that the rule is not regularly followed and the cited cases cover a period of over thirty years. Thus Petitioner has indeed procedurally defaulted on his insufficient evidence claim unless he can show excusing cause and prejudice.

Petitioner asserts ineffective assistance of trial counsel as cause. However, a claim of excusing ineffective assistance of counsel is itself procedurally defaulted if not properly raised in the state court system. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Here the ineffective assistance of trial counsel claim is based on facts which appear of record – lack of a motion for judgment of acquittal at the close of the evidence – so the claim was required to be raised on direct appeal or be barred by Ohio's criminal *res judicata* rule. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). Because this claim of ineffective assistance of trial counsel was not raised on direct appeal,

Petitioner is barred from receiving a decision on that claim by this Court and therefore his second ground for relief is procedurally defaulted.

Even if the claim were not procedurally defaulted, it would be without merit. The Court of Appeals did decide Petitioner's manifest weight claim. A state court finding that the verdict is not against the manifest weight of the evidence implicitly also holds that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.). That implicit sufficient evidence holding is entitled to deference by this Court. While the store clerk victim could not initially identify Thornton, she eventually did so from a second photo lineup. *State v. Thornton*, supra, ¶ 3. As the Court of Appeals pointed out, the jury was entitled to believe Ms. Fahey's testimony over that of Thornton's mother and a neighbor.

The second ground for relief should therefore be dismissed with prejudice.

### Ground Three

In his third ground for relief, Mr. Thornton asserts the trial court violated his due process rights when it did not grant him a new trial on the basis of highly exculpatory new evidence which shows someone else committed the crime. The Warden asserts this claim is not cognizable in

federal habeas corpus because it does not state a violation of the United States Constitution. Petitioner makes no response to this defense in his Reply (Doc. No. 18).

The Magistrate Judge agrees with Respondent. Because there is no constitutional right to a new trial in a state criminal case, Mr. Thornton's third ground for relief should be dismissed.

**Ground Four**

In his fourth ground for relief, Mr. Thornton asserts the indictment in this case is defective because it does not include the required *mens rea* element. Because this claim relies on facts of record at the time of direct appeal but was not raised there, the Warden asserts it is barred by Ohio's criminal *res judicata* doctrine as enunciated in *State v. Perry, supra.*

Petitioner responds that this omission is excused by the ineffective assistance of his appellate counsel (Reply, Doc. No. 18, PageID 1223-1224.) However, as noted above, such a claim must first be litigated in the state courts and Mr. Thornton omitted this claim from his Application for Reopening. Ground Four is therefore procedurally defaulted. Finally, as noted by the Warden, the claim is without merit because defendants in state felony cases have no right to grand jury indictment. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975).

**Ground Five**

In his fifth ground for relief, Mr. Thornton asserts he received ineffective assistance of trial

counsel when his trial attorney did not raise "the identification issue" and ineffective assistance of appellate counsel when his appellate attorney also did not raise that issue.

Mr. Thornton does not explain in either his Petition or his Reply what he means by "the identification issue." If he means his claim that there was insufficient evidence to identify him as the offender, that issue is completely addressed in Ground Two. If he means some other identification issue, it is not one which has been raised at any point in the state court process and is therefore procedurally defaulted.

## Ground Six

### Sub-claim One

In his first sub-claim Mr. Thornton asserts his appellate attorney was ineffective for failing to raise the claim of insufficient evidence to convict. A cursory examination of the Court of Appeals decision shows that claim was raised on appeal. Therefore this sub-claim is refuted by the record.

### Sub-claim Two

In his second sub-claim Petitioner asserts he received ineffective assistance of appellate counsel when his attorney did not raise the absence of the *mens rea* element in the indictment as an assignment of error. This claim is also procedurally defaulted because it was not raised as part of Mr. Thornton's Application to Reopen the direct appeal, which is Ohio's method for raising claims of ineffective assistance of appellate counsel.

Furthermore, the claim is without merit. Any claim that an indictment is defective in Ohio must be made before trial. *State v. Horner*, 126 Ohio St. 3d 466, 473 (2010). Since this claim was not made until after trial, any appeal would have been without effect.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and any request to appeal *in forma pauperis*.

August 26, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days

after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Thornton Habeas R&R.wpd